■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAMUEL ADLER, INC., Appellant.— Appeal by the corporate defendant from a judgment of the Court of Special Sessions of the City of New York, Borough of Queens, held by a City Magistrate at a Municipal Term, rendered October 20, 1960, convicting it, after a nonjury trial, of a violation of section 111.39 of the New York City Health Code (offering for sale heavy cream possessing less than the required butter fat content), and fining it $150, which was paid.    Judgment affirmed.    The defendant was represented by counsel when it pleaded not guilty. Such counsel then appeared as "of counsel" for the defendant's attorney of record and claimed that he could not try the case.    When the trial was adjourned for a week and was set down peremptorily against the defendant, its counsel of record was not present and the claim was made that he was going abroad. When the case appeared for trial on the adjourned date, defendant's attorney of record was abroad, according to the attorney who was appearing as "of counsel" for such attorney of record.    The general rule is that a defendant who can afford to pay counsel, has the constitutional right to defend with counsel of his own choosing.    That rule is subject to the qualifications that a defendant has no right or power to delay a trial unreasonably (*People v. Brabson*, 9 N Y 2d 173; *People v. Bai*, 7 N Y 2d 152, 154), and that the granting or refusal of an adjournment rests within the sole discretion of the trial court (*People v. Milne*, 253 App. Div. 768).    The record here discloses the following facts: (1) that the crime charged was a misdemeanor (see Code Crim. Pro.. § 356) ; (2) that the defendant is a corporation (see Code Crim. Pro., § 681) ; (3) that when the counsel appearing as "of counsel" for the defendant's attorney of record refused to try the case, the trial court offered him the opportunity of waiving examination and having the case transferred to the Court of Special Sessions as provided in articles 2 and 3 of the New York City Criminal Courts Act (see N. Y. City Crim. Cts. Act, §§ 130, 131); (4) that when the trial was adjourned and the case was set down peremptorily against the defendant, it was with knowledge that the defendant's counsel of record was about to go abroad; and (5) that the defendant had ample opportunity to obtain trial counsel.    In the light of these facts and of the other relevant circumstances, the trial court did not abuse its discretion by refusing to grant an adjournment of the trial.    Nolan, P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.

■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE ALBANESE, Appellant.— Appeal by defendant from an order of the County Court, Kings County, dated April 4, 1960, denying, without a hearing, his *coram nobis* application to vacate a judgment of said court rendered August 7, 1958, convicting him, on his plea of guilty, of robbery in the second degree, unarmed, and sentencing him, as a second felony offender, to a term of 10 to 20 years.    Under an indictment (No. 793–1958) charging the crime of robbery in the first degree, grand larceny, and assault, defendant pleaded guilty to the crime of robbery in the second degree, unarmed; and, under the court's direction, such plea disposed of: (1) the charges in another indictment (No. 951–1958) accusing defendant of the crimes of robbery, grand larceny, and assault committed upon another person; and (2) all other known or pending charges against defendant other than homicide.    Defendant contends that he was induced to plead guilty, as aforesaid, by reason of the advice of his own counsel (concededly erroneous) that he was in danger of being adjudged a fourth felony offender.    Although defendant contends that the District Attorney should have known of such erroneous legal advice, there is no factual basis for such contention.    Order affirmed.    No opinion.    Nolan, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.